WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JDA SOFTWARE, INC., | No. CV-07-720-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| TOM BISSETT, | |
| Defendant. | |

The court has before it plaintiff's motion for preliminary injunction (doc. 2), defendant's response, and plaintiff's reply. On May 18, 2007, we held an evidentiary hearing on plaintiff's application. These are our findings and conclusions under Rule 52(a), Fed. R. Civ. P.

JDA is a software provider. Bissett was an employee of JDA subject to a non-compete and confidentiality agreement. Bissett left JDA and joined SAP which is one of the specifically listed competitors in JDA's non-compete agreement. JDA seeks to enjoin Bissett from working at SAP in any of the functions listed in the non-compete agreement.

The agreement prohibits Bissett from working for six major competitors, including SAP, in seven industry segments, including retail and manufacturing. JDA does not claim any loss of clients and does not claim that Bissett actually revealed confidences. JDA fears these consequences in the future.

1 Bissett claims that he is not soliciting any of his former customers, is not selling any 2 competing product or services, and has breached no confidences. He contends that he sold 3 software at JDA, but sells implementation services at SAP. He claims that he did not work in 4 the retail business at JDA but does so at SAP. Bissett further contends that the non-compete 5 agreement is overly broad and unenforceable under Arizona law. He claims that the geographic 6 scope covering the entire United States is too expansive and the temporal scope of one year 7 is too long. Moreover, he claims that the interests sought to be protected by the non-compete 8 agreement remain protected.

9 One seeking a preliminary injunction must show either (1) a likelihood of success on 10 the merits and the possibility of irreparable injury, or (2) the existence of serious questions 11 on the merits and the balance of hardships tips in favor of the moving party. *Andreiu v.* 12 *Ashcroft*, 253 F.3d 477 (9th Cir. 2001).

13 We find that at this stage of the proceedings there is insufficient evidence to suggest 14 that Bissett is actually competing with JDA. Nor is there any evidence that he has breached 15 the confidentiality agreement. He is working in a segment (retail), for a specifically listed 16 competitor (SAP). Thus he appears to be technically in violation of the non-compete 17 agreement. However, we find and conclude that the interests sought to be protected by that 18 agreement are not being compromised by Bissett's employment with SAP. Instead, JDA 19 appears to be attempting to enforce the letter of the agreement without any evidence that its 20 purpose or spirit is being violated. Bissett's contentions that the agreement is over broad have 21 some merit. In addition, because such agreements tend to interfere with competition, they are 22 not to be enforced without the need to prevent real concrete harm.

23 Under these circumstances, JDA has not shown a likelihood of success on the merits 24 and has not shown that it will suffer irreparable harm if the injunctive relief if not granted. 25 Moreover, even if serious questions going to the merits of the claim are raised, JDA has not 26 shown that the balance of hardships favors it. The harm JDA claims is speculative while the 27 harm to Bissett if enjoined may jeopardize his career. Accordingly, IT IS ORDERED

28

DENYING plaintiff's motion for preliminary injunctive relief (doc. 2).

DATED this 30th day of May, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge